JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LINDA STRANGE

**DEFENDANTS**

PERCEPTYX, INC.

**(b)** County of Residence of First Listed Plaintiff   Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Riverside
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA"); 43 P.S. § 951, et seq. ("PHRA").

Brief description of cause:
Plaintiff brings this action against her former employers for age discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE       DOCKET NUMBER

DATE
November 2, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Lancaster, PA 17603 _____

Address of Defendant: _____ 28765 Single Oak Drive, Suite 250, Temecula, CA 92590 _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/2/23 _____   _____ *Attorney-at-Law / Pro Se Plaintiff*   314179 _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane J. Schiff, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 11/2/23 _____   _____ *Attorney-at-Law / Pro Se Plaintiff*   314179 _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| LINDA STRANGE | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| **PERCEPTYX, INC.** | : | |
| | : | NO. |
| DEFENDANT. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( X)

November 2, 2023

_____      _____      **Plaintiff, Linda Strange**
**Date**            **Attorney-at-law**            **Attorney for**

(215) 545-7676            (215) 565-2859            schiff@consolelaw.com

_____      _____      _____
**Telephone**            **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LINDA STRANGE** | : | |
| **Lancaster, PA 17603** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| | : | |
| **PERCEPTYX, INC.** | : | |
| **28765 Single Oak Drive, Suite 250** | : | |
| **Temacula, CA 92590** | : | |
| | : | |
| **Defendant.** | : | |

<u>**COMPLAINT**</u>

**I.    <u>INTRODUCTION</u>**

Plaintiff, Linda Strange, brings this action against her former employer, Perceptyx, Inc., ("Defendant").  Defendant discriminated against Plaintiff based on her age and retaliated against her for engaging in protected activity, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks all damages allowable under the law.

**II.    <u>PARTIES</u>**

1.    Plaintiff, Linda Strange, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff was born in December 1960.

3.    Plaintiff worked out of her home office in Pennsylvania.

4.    Defendant is a corporation that is headquartered at 28765 Single Oak Drive, Suite 250, Temecula, California 92590.

5.      Plaintiff regularly traveled to and worked out of Defendant's California headquarters.

6.      Defendant employed more than twenty (20) employees.

**III.      JURISDICTION AND VENUE**

7.      The causes of action that form the basis of this matter arise under the ADEA and the PHRA.

8.      The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. §1331.

9.      The District Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

10.      Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b).

11.      On or about December 15, 2022, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), cross filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

12.      On or about August 8, 2023, the EEOC issued to Plaintiff a Determination and Notice of Rights. Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

13.      Plaintiff is filing this complaint within ninety (90) days from her receipt of this notice.

14.      Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.        **FACTUAL ALLEGATIONS**

15.     Plaintiff commenced her employment with Defendant on or about August 15, 2011.

16.     Plaintiff last held the position of Vice President, Enterprise Accounts.

17.     Plaintiff consistently performed her job duties in a highly competent manner.

18.     In or about March 2016, Plaintiff began reporting to Chad Tonniges, Senior Vice President of Business Development.

19.     In or about March of 2021, Defendant hired Jason Hahn as Chief Revenue Officer. Tonniges reported to Hahn.

20.     Plaintiff was the oldest employee reporting to Tonniges.

21.     Defendant treated Plaintiff differently and worse than younger employees.

22.     Tonniges made numerous age discriminatory comments to Plaintiff.

23.     Tonniges commented that change was hard for Plaintiff.

24.     Tonniges commented that Plaintiff needed to stop looking back and see the way forward.

25.     Tonniges commented that Plaintiff needed to be more adaptable.

26.     Tonniges socialized more with younger employees, including attending sporting events and other social activities.

27.     Defendant did not offer Plaintiff the same support as younger employees and downplayed her accomplishments and successes.

28.     Defendant did not provide Plaintiff as many opportunities for leads as younger employees to assist in meeting her sales quota.

29.     Plaintiff was paid less base compensation than younger employees.

30.     On December 16, 2021, Hahn informed Plaintiff she should consider moving into a newly created Account Manager position (later renamed Customer Service Executive). Plaintiff understood this to be a demotion in that it would not carry a Vice President title, had less desirable commission payments, and had lower-level administrative work.

31.     Plaintiff thereafter complained to Tonniges that Defendant was targeting her because of her age. Plaintiff stated that she wanted to remain employed with Defendant in her current position.

32.     In or around 2021, Plaintiff additionally complained in an internal company survey, the "All-In Survey," that Defendant discriminated against older workers.

33.     Defendant failed to take appropriate corrective response.

34.     On or about January 13, 2022, Tonniges informed Plaintiff that Defendant planned to reassign Plaintiff's Pennsylvania sales territory, which was a significant portion of her sales territory.

35.     On that same day, Plaintiff texted Tonniges stating that she believed Hahn was trying to push her out.

36.     On February 24, 2022, Plaintiff received her year-end performance review, wherein she was told that she needed to "stop looking back and see the way forward."

37.     In or about March 2022, Defendant assigned to Mitch Anderson (age 40), Vice President, Enterprise Accounts, instead of Plaintiff, a prospect who came from a former client of Plaintiff. Based on practice, this prospect should have been assigned to Plaintiff.

38.     In or about April 2022, Defendant assigned to Jamie Hayman (age 47), Vice President, Enterprise Accounts, instead of Plaintiff, a customer in Plaintiff's territory. Based on practice, this prospect should have been assigned to Plaintiff.

4

39.     Defendant additionally assigned late stage leads to younger employees instead of Plaintiff.

40.     In or about July 2022, Tonniges told Plaintiff that, per Hahn, Plaintiff needed to transfer a substantial sales lead that she was developing to Al Martin (approximate age 40), Vice President, Enterprise Accounts.

41.     On or about October 7, 2022, Defendant terminated Plaintiff's employment, effective November 4, 2022.

42.     Defendant's stated reason was that there was no line of sight that Plaintiff would achieve seventy percent (70%) of her quota by year end.

43.     Defendant further articulated certain aspects of Defendant's corporate changes had been hard for Plaintiff, she had trouble adapting and adjusting, getting on board with the new company, looking forward not back, and she did not agree with the path forward.

44.     Defendant further stated that although Defendant appreciated Plaintiff's efforts, she was just not a fit anymore.

45.     Defendant's articulated reason is a pretext.

46.     At the time of Plaintiff's termination, she asked to be placed in another position for which she was qualified to remain employed by Defendant, including the Customer Service Executive position into which Defendant previously informed Plaintiff she should consider moving, a Customer Sales Manager position, and a position on the People Team.

47.     On or about October 8, 2022, Plaintiff additionally requested to, at a minimum, remain employed through December 31, 2022 to close more deals.

48.     On or about October 14 2022, Defendant informed Plaintiff it was moving forward as planned and there was neither an opportunity for Plaintiff to remain employed with

Defendant in another role nor through December 31, 2022.

49.    At the time of Plaintiff's termination, the following employee reported to Tonniges:

       a.  Amanda Devlin (age 33), Vice President, Enterprise Accounts;

       b.  Mitch Anderson (age 40), Vice President, Enterprise Accounts;

       c.  Josh Markle (age 42), Vice President, Enterprise Accounts;

       d.  Jamie Hayman (age 47), Vice President, Enterprise Accounts;

       e.  Scott Heald (age 58), Vice President, Enterprise Accounts;

       f.  Jeff Drew (age 57), Vice President, Enterprise Accounts;

       g.  Christy Kessler (age 58), Vice President, Enterprise Accounts.

50.    Plaintiff was more qualified than each of these employees.

51.    Plaintiff job duties were assigned to less qualified and younger employees.

52.    Plaintiff was more qualified to perform her job duties than Devlin.

53.    Defendant recently pushed out and/or terminated multiple older employees.

54.    Defendant failed to remedy or prevent the age discrimination and retaliation to which Defendant subjected Plaintiff.

55.    Plaintiff's age was a motivating and determinative factor in Defendant's decision to terminate her employment and not retain/hire her into a different role, including the Customer Service Executive position, a Customer Sales Manager position, and a position on the People Team.

56.    Plaintiff's age was a motivating and determinative factor in Defendant's discriminatory treatment articulated herein, including paying her less base compensation, reassigning her leads, and failing to assign her as many leads accounts opportunities, prospects,

and customers.

57.   Plaintiff's engaging in protected activity was a motivating and determinative factor in Defendant's decision to terminate her employment and not retain/hire her in a different role, including the Customer Service Executive position, a Customer Sales Manager position, and a position on the People Team.

58.   Plaintiff's engaging in protected activity was a motivating and determinative factor in Defendant's retaliatory treatment articulated herein, including paying her less base compensation, reassigning her leads, and failing to assign her as many leads accounts opportunities, prospects, and customers.

59.   Defendant's conduct following Plaintiff's engaging in protected activity would dissuade a reasonable employee from making complaints.

60.   Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and/or remedial measures to make the workplace free of discriminatory and retaliatory conduct.

61.   As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

62.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

63.   Plaintiff has incurred and is entitled to all costs and reasonable attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT I – ADEA

64.    Plaintiff incorporates by reference the paragraphs above, as if set forth herein in their entirety.

65.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the ADEA.

66.    Defendant's violations of the ADEA was intentional and willful under the circumstances, warranting the imposition of liquidated and punitive damages.

67.    As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

68.    No previous application has been made for the relief requested herein.

## COUNT II – PHRA

69.    Plaintiff incorporates by reference the paragraphs above, as if set forth herein in their entirety.

70.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the PHRA.

71.    As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

72.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of

the ADEA;

       (b)      declaring the acts and practices complained of herein to be in violation of the PHRA;

       (c)      enjoining and permanently restraining the violations alleged herein;

       (d)      entering judgment against Defendant and in favor of the Plaintiff in an amount to be determined;

       (e)      awarding Plaintiff back pay and front pay;

       (f)      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

       (g)      awarding Plaintiff liquidated damages;

       (h)      awarding Plaintiff punitive damages;

       (i)      awarding Plaintiff interest;

       (j)      awarding Plaintiff such other damages as are appropriate under the ADEA and PHRA;

       (k)      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

       (l)      granting such other and further relief as this Court may deem just, proper, or equitable.

                                              **CONSOLE MATTIACCI LAW, LLC**

Dated: November 2, 2023         BY: _____

                                            Lane Schiff, Esquire
                                          1525 Locust St., 9th Floor
                                          Philadelphia, PA 19102

(215) 545-7676

Attorney for Plaintiff,
Linda Strange

# EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### COMPLAINT

COMPLAINANT:                                  :
                                              :
**LINDA STRANGE**                             :        Docket No.
                                              :
v.                                            :
                                              :
RESPONDENT:                                   :
                                              :
**PERCEPTYX, INC.**                           :

1. The Complainant herein is:

   Name:      Linda Strange

   Address:   REDACTED
              Lancaster, PA 17603

2. The Respondent herein is:

   Name:      Perceptyx, Inc.

   Address:   28765 Single Oak Dr- Suite 250
              Temecula, CA 92590

3. I, Linda Strange, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (61) and retaliation because of my engaging in protected activity, as set forth below.

### Discrimination and Retaliation

**A. I specifically allege:**

[1]        I was hired by Respondent in or about August 15, 2011.

[2]     My birth date is █REDACTED█ 1960, and I am age sixty-one (61).

[3]     I worked from my home office in Pennsylvania.

[4]     I consistently performed my job duties in a highly competent manner, and received positive feedback.

[5]     I last held the position of Vice President, Enterprise Accounts.

[6]     I last reported to Chad Tonniges (50[1]), Senior Vice President, Business Development.  Tonniges reported to Jason Hahn (50), Chief Revenue Officer.  Hahn reported to John Borland (43), Chief Executive Officer.

[7]     In or about March 2016, I began reporting to Tonniges.

[8]     On or about December 31, 2019, Borland became Chief Executive Officer and my then second level supervisor.

[9]     In March 2021, Hahn became Chief Revenue Officer and my second level supervisor.

[10]    I was the oldest employee reporting to Tonniges.

[11]    Neither Tonniges nor Hahn nor Borland had a role in my being hired at Respondent.

[12]    At the time of my termination, the following employees were reporting to Tonniges.  I was as or more qualified to perform each of these employee's positions.

> a.  Amanda Devlin (35), Vice President, Enterprise Accounts;
>
> b.  Mitch Anderson (38), Vice President, Enterprise Accounts;
>
> c.  Josh Markle (40), Vice President, Enterprise Accounts;
>
> d.  Jamie Hayman (45), Vice President, Enterprise Accounts;
>
> e.  Scott Heald (53), Vice President, Enterprise Accounts;

---

[1] All ages herein are approximations.

   f. Jeff Drew (53), Vice President, Enterprise Accounts;

   g. Christy Kessler (53), Vice President, Enterprise Accounts.

[13]  I was treated differently and worse, and in a more dismissive manner, than younger employees were treated.

[14]  Tonniges commented that change was hard for me.

[15]  Tonniges commented that I needed to stop looking back and see the way forward.

[16]  Tonniges commented that I needed to be more adaptable.

[17]  I understood these comments to be evidence of age bias.

[18]  Hahn and Tonniges met together with younger employees but not with me.

[19]  Hahn instructed me not to reach out to Borland directly and to go through him only.

[20]  My accomplishments were downplayed, unlike younger employees' accomplishments.

[21]  My achievements and successes were not recognized, like younger employees' achievements and successes were.

[22]  I did not receive the same support as younger employees received from Hahn and Tonniges.

[23]  I was not given leads to assist in meeting quota, unlike younger employees were given.

[24]  Tonniges attended sporting events and social activities with younger employees but not with me.

[25]  I was ignored.

[26]       My performance was unjustly criticized.

[27]       On December 16, 2021, in a meeting with Hahn and Tonniges, Hahn told me that I should consider moving into a newly created Account Manager position, despite him not being able to provide details on the compensation and job description, as it would be a better "fit" for me.  Despite my not being provided a job description or compensation details, I understood that the Account Manager position would have a less desirable commission structure than my position had, and that it would entail more lower-level administrative work than my position entailed.  Tonniges told me that I should consider the position.

[28]       Following the above, in a conversation with Tonniges, I complained that I felt like Hahn was targeting me because of my age.  I stated that I wanted to remain employed with Respondent in my position.

[29]       Respondent failed to remedy or prevent the age discrimination to which I was subjected.

[30]       Respondent failed to investigate my complaint of age discrimination.

[31]       On January 13, 2022, in a meeting with Tonniges, without explanation, he stated that Respondent was in the process of reassigning territories, and indicated that a significant portion of my territory, the state of Pennsylvania, which included most of the opportunities I had developed over time, would be reassigned.

[32]       On January 13, 2022, in a text message to Tonniges, I stated that it felt like Hahn was trying to push me out.

[33]       On January 17, 2022, Respondent hired Devlin (35), based in Pennsylvania.

[34]     On February 24, 2022, in my year-end performance review, I was told that I needed to "stop looking back and see the way forward."

[35]     On March 1, 2022, I was awarded the minimum performance-based salary increase.

[36]     Younger, noncomplaining employees were awarded more than the minimum salary increase despite my performance being equal to or better than theirs.

[37]     In or about March 2022, without explanation, Anderson (38) was assigned a prospect who came to Respondent as a referral from my former client with whom I had a relationship instead of the prospect being assigned to me.

[38]     In April 2022, without explanation, Hayman (45) was assigned a customer in my territory instead of the customer being assigned to me.

[39]     In July 2022, Tonniges told me, without explanation, that, per Hahn, I needed to close out of my "pipeline" a substantial lead that I was developing and transfer it to Al Martin (40), Vice President, Enterprise Accounts.

[40]     On October 7, 2022, in a meeting with Tonniges and Kelly Casaletta (40), Human Resources, Respondent terminated my employment, effective November 4, 2022. Tonniges stated that there was no line of sight that I would be at seventy percent (70%) of my quota by the end of the year. This was false. At the time of my termination, I had six (6) prospects in the active proposal and pricing phase. Tonniges stated that certain aspects of Respondent's changes had been hard for me. Casaletta stated that I had trouble "adapting and adjusting," "getting on board with the new Perceptyx," "looking forward not back," and "not agreeing with the path forward," and that, although Respondent appreciated what I had done, I was "just not a fit anymore." I understood these comments to be evidence of age bias. I asked to

be placed into any other position for which I was qualified, to remain employed with Respondent, and Casaletta told me that she would get back to me.

[41]     On October 8, 2022, in a message to Tonniges, I asked to at least remain employed through December 31, 2022 to close few more deals.  Tonniges responded that he would pass my request on to Casaletta.

[42]     On October 10, 2022, Tonniges told me that the next step was for Hahn, Casaletta, and him to meet and that, once they did, they would get back to me.

[43]     On October 14, 2022, in a meeting with Casaletta, she told me that Respondent was moving forward as planned and there was no opportunity for me to remain employed with Respondent.  I again asked to at least remain employed through December 31, 2022 to close few more deals, especially because finding a new job around the holidays would be difficult, but she refused.

[44]     On October 21, 2022, Tonniges instructed me to send "warm introductions" to my long-standing accounts, introducing each of them to the younger employee who was assigned the account and would be their new contact at Respondent.

[45]     On October 24, 2022, in an email from Hahn to employees, he stated that I would be "departing" Respondent with my last day as November 4, 2022.

[46]     On October 24, 2022, in an email from Tonniges to employees, he stated that I would be departing Respondent and called me a "pioneer."

[47]     On October 25, 2022, a significant portion of my territory and opportunities was removed from me and assigned to Devlin (35).

[48]     On November 4, 2022, Respondent terminated my employment.

[49]    Respondent terminated my employment because of my age and/or my engaging in protected activity.

[50]    All the employees that Respondent retained when I was terminated were substantially younger and/or noncomplaining.

[51]    Respondent offered no explanation, including the selection criteria, as to why I was terminated and younger, noncomplaining employees were retained.

[52]    When I was terminated, younger, noncomplaining employees who were not at seventy percent (70%) of their quota and had fewer deals in the active proposal phase than me were retained and not terminated.

[53]    I had no disciplinary or performance issues throughout my employment with Respondent.

[54]    I was as if not more qualified, with longer service time, than the substantially younger employees who were retained when I was terminated.

[55]    Respondent assigned my job duties and responsibilities to substantially younger, noncomplaining employees, including Devlin (35).  I was as or more qualified to perform my position than the substantially younger, noncomplaining employees who were assigned my job duties and responsibilities, including Devlin (35).

[56]    I had no opportunity to remain employed with Respondent.

[57]    Respondent recently pushed out and/or terminated the following older employees.

       a.    Sham Telang (58), _____;

       b.    Mark Gonzales (53), _____;

       c.    Alex Kinnebrew (50), _____.

[58]        Respondent's comments and conduct evidence a bias against older and/or complaining employees.

[59]        Respondent's age discriminatory and retaliatory conduct has caused me emotional distress.

**B.** Based on the aforementioned, I allege that Respondent has discriminated against me because of my age (61) and retaliated against me because of my engaging in protected activity, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Code of the City of Lancaster, § 125-1, *et seq.* ("Code").

4.        The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    **X**        **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  (a); (d)**

    ____        Section 5.1 Subsection(s) _____

    ____        Section 5.2 Subsection(s) _____

    ____        Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.        Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    **X**        **This charge will be referred to the EEOC for the purpose of dual filing.**

6.        The Complainant prays that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## <u>VERIFICATION</u>

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

12/14/22

(Date Signed)

(Signature)     Linda Strange

REDACTED

Lancaster, PA 17603

# EXHIBIT B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/08/2023

**To:** Linda Strange
REDACTED
Lancaster, PA 17603

**Re:** Strange v. Perceptyx, Inc.

EEOC Charge No: 17F-2023-60318

EEOC Representative and Legal Unit
telephone number:

(267) 589-9707

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
08/08/2023

Karen McDonough
Deputy District Director

**Cc:**
May Mon Post (for Respondent)
Emily R Derstine Friesen (for Charging Party)


Please retain this notice for your records.